IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BED WOOD AND PARTS, LLC, <br> a Kentucky limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> MAR-K SPECIALIZED MFG., INC., <br> an Oklahoma corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-23-01108-JD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

Plaintiff Bed Wood and Parts, LLC ("Bed Wood") filed a Motion to Enforce Settlement Agreement ("Motion"). [Doc. No. 5]. The Court referred the matter to United States Magistrate Judge Suzanne Mitchell for initial proceedings under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72. [Doc. No. 9]. Judge Mitchell held a hearing on March 29, 2024. [Doc. No. 29].

On April 5, 2024, Judge Mitchell issued a Report and Recommendation ("R. & R."). [Doc. No. 30]. Judge Mitchell reasoned that the Court lacks subject-matter jurisdiction and recommended that the Court dismiss the action for lack of subject-matter jurisdiction. *See id.* at 4–7.

Judge Mitchell advised the parties of their right to object to the R. & R. by filing an objection with the Clerk of Court by April 19, 2024, and explained that any failure to timely object to the R. & R. would result in a waiver of the right to appellate review of both factual and legal issues in the R. & R. *Id.* at 8. *See also* 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72(b)(3). Neither party filed an objection to the R. & R. or requested an extension of time to do so. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (explaining that the Tenth Circuit's "firm waiver rule" "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions").

With no objection being filed, and upon its review, the Court ACCEPTS the R. & R. [Doc. No. 30] and concludes that it lacks subject-matter jurisdiction. Consequently, the Court DISMISSES WITHOUT PREJUDICE this action for lack of subject-matter jurisdiction.[1] The Court will separately issue a judgment.

IT IS SO ORDERED this 29th day of April 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (explaining that "[a] longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice"). Considering the lack of jurisdiction, the Motion is denied as moot.